## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DOUGLAS M. ROSEBY, # F09350          *

Plaintiff                                        *

    v.                                          *          Civil Action Case No. AW-10-414

PAUL E. BUDLOW, et al.               *

Defendants                                      *
                              ***

### MEMORANDUM

This is a prisoner civil rights action under 42 U.S.C. § 1983[1] and motion to proceed in

forma pauperis filed pro se by Douglas M. Roseby, an inmate in the custody of the Bureau of

Prisons.  The court will grant the motion to proceed in forma pauperis for the purpose of

preliminary review and deny and dismiss the complaint without prejudice.

**Background**

    On January 11, 2010, Roseby was sentenced to 420 months incarceration after a jury

convicted him of crack and heroin trafficking in violation of 21 U.S.C. § 21 U.S.C. § 841 and

related offenses.  *See United States v. Roseby*, Criminal Action No. JFM-09-178 (D. Md).

Roseby's appeal is before the Fourth Circuit.  *See United States v. Roseby,* CA4 10-4066.

    Roseby alleges that  Michael Citaramanis, his trial counsel, "lost sight of my right to a

speedy trial," caused him to lose his right to due process, and conspired to keep him incarcerated

while trying to convince him to plead guilty. Complaint, p. 4.  Roseby does not specify

allegations against defendant Paul E. Budlow, the Assistant United States Attorney who

---

[1] Related Complaints filed by Roseby were construed under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) because defendants were federal employees.  This complaint was filed on a standard form used for § 1983 actions.  It appears that Officer Blasko is a member of the Baltimore City Police Department.

prosecuted him at trial.[2]  Roseby requests damages of $1, 500,000 for lost wages and suffering

and wants  "[to] reverse the discrimination that was done to me to correct all violations and

restore my 14th amendment rights and this illegal incarceration…."  Complaint, p. 3, attachment.

**Standard of Review**

The Court must dismiss any action or claim filed by an inmate if it determines that the

action or claim is frivolous or fails to state a claim on which relief can be granted. *See* 28 U.S.C.

§§ 1915(e)(2), 1915A(b)(l); 42 U.S.C. § 1997e(c).  Additionally, the Court must dismiss a

complaint where monetary relief is sought from a defendant who is immune from such relief.

See 28 U.S.C. §§ 1915 (e)(2)(B)(iii) and 1915A (b)(2).  Although district courts have a duty to

construe pro se pleadings liberally, a pro se plaintiff must nevertheless allege facts that state a

cause of action. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th  Cir.1985) (noting

that liberal construction Adoes not require [district] courts to conjure up questions never squarely

presented to them.@).   The case will be dismissed under this standard.

**Analysis**

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988).

Civil actions, however are not appropriate vehicles for challenging the validity of criminal

judgments.  *See Harvey v. Horan*, 278 F.3d 370, 374-75 (4th Cir. 2002).  In cases such as this

where, a judgment in favor of the plaintiff would necessarily imply the invalidity of his

---

[2]  Roseby names on "Paul E. Budlow, et al." as a defendant.  Mindful that Roseby in a pro se litigant in this case, the court will address his allegations against Michael Citaramanis, Esq.  The claims presented here are related to those Roseby presents in other complaints.  *See Roseby v. Paul E. Budlow,et al.,* Civil Action No. AW-10-415, 416, and 417 (D. Md).

conviction or sentence, the court must dismiss the complaint unless the plaintiff can demonstrate that the conviction or sentence has already been reversed on direct appeal, expunged by executive order, or called into question by issuance of a federal writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).[3]  Roseby does not allege and there is no evidence that his conviction or sentence were declared invalid or otherwise impugned.  His claims directly relate to the propriety of his criminal conviction; a ruling favorable to him in this civil action would vitiate the legality of his criminal conviction.  Thus, Roseby's civil rights claims may not proceed under *Heck*.

Additionally, even if Roseby's claims were not barred under *Heck*, Defendants would still be entitled to dismissal.  Citaramanis was not a state actor, a jurisdictional prerequisite for any civil action brought under  § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir.1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir.1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 & nn. 8-16 (1981) (public defender).[4]  Budlow, a federal prosecutor, is entitled to immunity from damages for prosecutorial activities in or connected with judicial proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000).  When acting within the scope of their duties, prosecutors have immunity from damages liability for alleged civil rights violations committed in the course of proceedings that are "intimately

---

[3]  *Heck v. Humphrey* is applicable in civil suits against federal officials. *See  Messer v. Kelly,* 129 F.3d 1259 (4th Cir. 1997); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir.1995); *Taverez v. Reno*, 54 F.3d  109, 110 (2d Cir. 1995); *Stephenson v. Reno*, 28 F.3d 26 (5th Cir.1994); *Best v. Kelly*, 309 U.S.App.D.C. 51, 39 F.3d 328, 330 (D.C. Cir. 1994).

[4]  Typically claims of ineffective assistance of counsel are raised in a motion vacate, set-aside or correct pursuant to 28 U.S.C. § 2255. Roseby is cautioned to be mindful that a one-year limitations period applies to § 2255 motions in the event he intends to file for collateral relief.  *See id.*  Roseby was sent a § 2255 information packet in *Roseby v. Paul E. Budlow, et al*., Civil Action No. AW-10-415 (D. Md).

associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

**Conclusion**

Roseby has failed to establish that his conviction has been reversed or otherwise impugned, and this action must be dismissed for failure to state a claim upon which relief may be granted.  A separate order follows.


 Date:  March 8, 2010                                        _____/s/_____
                                                                                      Alexander Williams, Jr.
                                                                                      United States District Judge